FILED
UNITED STATES DISTRICT COU
DENVER, COLORADO

APR 6 - 2001

JAMES R. MANSPEAK
CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

UNITED STATES OF AMERICA

v.

MICHAEL DAVID WILHITE

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER:  00-CR-504-N

Christopher Miranda (retained)
(Defendant's Attorney)

Robert M. Brown
(Assistant United States Attorney)

**THE DEFENDANT:**  Pleaded guilty to Count One of the Information.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting | 12/31/96 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Waived Indictment on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. Number:

Defendant's Date of Birth:

Defendant's USM No.:  **30120-013**

Defendant's Residence Address:
**110 Birch Avenue
Castle Rock, Colorado 80104**

Defendant's Mailing Address:
**SAME**

_03/23/01_
Date of Imposition of Judgment

Signature of Judicial Officer

_Edward W. Nottingham, U.S. District Judge_
Name & Title of Judicial Officer

4/3/01
Date

038

DEFENDANT:  MICHAEL DAVID WILHITE
CASE NUMBER:  00-CR-504-N

Judgment-Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of three (3) months.

The Court makes the following recommendations to the Bureau of Prisons:

Designation to FPC, Englewood, Colorado.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons within 15 days of the date of designation and as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _

_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy U.S. Marshal

DEFENDANT: MICHAEL DAVID WILHITE
CASE NUMBER: 00-CR-504-N

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The drug testing condition required by 18 U.S.C. § 3583(d) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

DEFENDANT:  MICHAEL DAVID WILHITE
CASE NUMBER:  00-CR-504-N

12)     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)     the defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)     The defendant shall be placed on home detention for a period of three (3) months, to commence within 21 days of sentencing.  During this time, the defendant shall remain at the defendant's place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at the defendant's place of residence without any special services, modems, answering machines, or cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.  The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

2)     The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the installment payment schedule.

DEFENDANT:  MICHAEL DAVID WILHITE
CASE NUMBER:  00-CR-504-N

Judgment-Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| One | $100.00 | None | $1,741,700.00 |
| Totals: | $100.00 | $0.00 | $1,741,700.00 |

## RESTITUTION

The defendant shall make restitution to the following payees in the amounts listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|------------------------|-------------------------------|------------------------------------------|
| National Australia Bank c/o Wiley E. Mayne Holland and Hart, LLP P.O. Box 8749 Denver, Colorado 80201-8749 | $1,741,700.00 | $1,741,700.00 | 100% |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  MICHAEL DAVID WILHITE
CASE NUMBER:  00-CR-504-N

Judgment-Page 6 of 6

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the special assessment, restitution and other criminal monetary penalties shall be due as follows:

Special assessment due immediately.

Payments of restitution are to be made payable to the Clerk, United States District Court, District of Colorado, 1929 Stout Street, Room C-145, Denver, Colorado 80294, for disbursement to the victim. Restitution is due and payable during the term of incarceration and is also due and payable in equal monthly installments during the term of supervision.  The interest requirement is waived, pursuant to 18 U.S.C. § 3612(f)(3)(A).

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special Instructions regarding the payment of criminal monetary penalties:

None.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


CERTIFICATE OF MAILING


Case No.   00-CR-504-N                                           April 6, 2001

Copies of this Judgment and Commitment order were served by delivery or depositing
the same in the United States mail, postage prepaid, addressed to the persons listed
below.

U.S. Marshal
(3 certified copies, 1 non-certified)

Robert Brown
Assistant U.S. Attorney

U.S. Probation
(2 certified copies, 1 non-certified)

Pretrial Services

Christopher Miranda
1775 Sherman Street, #2055
Denver, Colorado 80203

Financial Litigation Unit
U.S. Attorney's Office

Carol Henderson
Financial Deputy

Judge Nottingham


                              JAMES R. MANSPEAKER, Clerk

                        By: _____
                              Deputy Clerk