THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 00-CR-00504-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL D. WILHITE,

    Defendant.
_____

**JOINT SUPPLEMENTAL BRIEF OF DEFENDANT MICHAEL D. WILHITE
AND INTERESTED PARTY YAHAB FOUNDATION**
_____

    Defendant Michael D. Wilhite and Interested Party Yahab Foundation, by their respective attorneys, herewith submit supplemental briefing on the issue of the validity of the garnishment of Yahab Foundation's bank account at ANB Bank, as requested by the Court at the conclusion of the July 21, 2015 hearing.

## PROCEDURAL BACKGROUND

    In its efforts to collect on a restitution order against Defendant Michael D. Wilhite, the United States Attorneys' Office issued a Writ of Garnishment to ANB Bank requiring ANB Bank to hold, pending further Court Order, any money or property (1) held in the name of Defendant Mr. Wilhite, (2) any money held in a bank account for which he was a signatory or, (3) any money held in the bank account of Yahab Foundation which the United States Attorneys' Office claimed was an alter ego of Mr. Wilhite.

In response to the garnishment, ANB Bank withheld over $14,000.00 in the Yahab Foundation bank account.

Mr. Wilhite filed a claim of exemption, noting that the money in the Yahab Foundation was not his property, and Yahab Foundation filed a Motion to Quash the Writ of Garnishment because it is not an alter ego of Mr. Wilhite.

At the hearing held by this Court on July 21, 2015, the United States Attorneys' Office made three arguments in an effort to justify the garnishment:

1. The garnishment is valid because Yahab Foundation is an alter ego of Mr. Wilhite;

2. The garnishment is valid because money from Advanced Floor Concepts, which the Government is claiming is owned, at least in part, by Defendant Wilhite, was transferred to Yahab Foundation;

3. The garnishment is valid because the United States Attorneys' Office is only seeking to freeze the money in the Yahab Foundation bank account pending resolution of the issue of the ownership of Advanced Floor Concepts, scheduled to be heard by this Court September 15-18, 2015.

Because none of these arguments are supported by law or fact, the Motion to Quash the Writ of Garnishment should be granted and the funds held by ANB Bank should be ordered released back to Yahab Foundation.

**ARGUMENT**

I. **STATE LAW DETERMINES WHETHER MR. WILHITE HAS ANY PROPERTY IN YAHAB FOUNDATION.**

At hearing, all parties agreed that this Court is to look to state law to determine what property ownership and rights, if any, Mr. Wilhite has in Yahab Foundation. *See e.g.*, *United States v. Kimbell Foods, Inc*., 440 U.S. 715, 99 S.Ct. 1448 (1979). The Federal Debt Collection Procedures Act, 28 U.S.C. §3001, *et seq*. ("FDCPA"), creates no property rights but merely attaches consequences to rights created or recognized under state law. *Export-Import Bank of the United States v. Asia Pulp & Paper Company, Ltd*., 609 F.3d 111, 117 (2nd Cir. 2010). This Court, therefore, is to begin its analysis by looking to Colorado law to determine what rights Mr. Wilhite has in Yahab Foundation. *Id*.

A. **Yahab Foundation is not the alter ego of Mr. Wilhite.**

The United States Attorneys' Office first argues that Yahab Foundation is the alter ego of Mr. Wilhite, but that argument is not supported by Colorado law or the facts established at hearing.

First, although Colorado has recognized reverse corporate veil piercing for corporations, *see In Re Phillips*, 139 P.3d 639 (Colo. 2006), and the Colorado Supreme Court has held that traditional corporate veil piercing applies to a non-profit organization, see *Krystkowiak v. W.O. Brisben Companies*, 90 P.3d 859 (Colo. 2004), no Colorado Court has determined whether reverse corporate veil piercing applies to a non-profit corporation. This distinction is important because in accordance with C.R.S. §7-123-105, the assets of a non-profit corporation are exempt from levy and execution except to the extent that such non-profit corporation would be

3

reimbursed by proceeds of liability insurance policies. Accordingly, the United States Attorneys' Office cannot prove that state law creates a property interest of Mr. Wilhite in Yahab Foundation.

Additionally, even if Colorado law allowed reverse corporate veil piercing for a non-profit corporation, the United States Attorneys' Office has not established facts sufficient to support its claim. To establish reverse corporate veil piercing, the United States Attorneys' Office must show: (1) the controlling insider and the corporation are alter egos of each other, (2) justice requires recognizing the substance of the relationship over the form because the corporate fiction is utilized to perpetrate a fraud or defeat a rightful claim, and (3) an equitable result is achieved by piercing. *In Re Phillips*, 139 P.3d at 646.

As noted by the Court at the conclusion of the hearing, the United States Attorneys' Office did not produce evidence sufficient to establish all of these elements. Accordingly, because neither the facts nor the law support the Government's claim that Yahab Foundation was the alter ego of Mr. Wilhite and, consequently, that Mr. Wilhite has a property interest in Yahab Foundation, the Motion to Quash the Garnishment should be granted.

### B. Seeking to garnish the funds of Yahab Foundation based on the claim that Mr. Wilhite is an owner of Advanced Floor Concepts is premature.

At the hearing, the Government also argued that it sought to garnish the funds of Yahab Foundation because the money which funded Yahab Foundation was transferred to Yahab Foundation from Advanced Floor Concepts and the Government is claiming that Advanced Floor Concepts is owned by Michael Wilhite. The garnishment cannot be supported on this argument either.

4

Once again, state law determines Mr. Wilhite's ownership interest in the transferred Advanced Floor Concepts' funds which the United States Attorneys' Office seeks to garnish. Although the United States Attorneys' Office seeks to have this Court rule that Mr. Wilhite has some ownership interest in Advanced Floor Concepts, and presumably its funds, that ruling has not yet been made. Accordingly, until there is a Court ruling that Mr. Wilhite has some ownership interest in Advanced Floor Concepts, Mr. Wilhite has no ownership interest in the money which was transferred to Yahab Foundation from Advanced Floor Concepts. For this reason, the garnishment is premature and should be quashed.

## II.   THE FDCPA CANNOT BE USED TO FREEZE FUNDS.

Finally, at the hearing, the United States Attorneys' Office argued that it was not seeking to have the garnished funds paid to the Court at this time. Rather, it was simply attempting to freeze the funds so that if it prevailed on its argument that Mr. Wilhite has some ownership interest in Advanced Floor Concepts, the funds would be available to retrieve, presumably through a fraudulent transfer action, and apply to the debt of Mr. Wilhite.

Courts have been clear, however, the FDCPA cannot be used to freeze assets or money. *Securities & Exchange Commission v. ETS Pay Phones, Inc.*, 408 F.3d 727, 735 (11th Cir. 2005); *United States v. CAP Quality Care, Inc.*, 400 F.Supp.2d 295, 299 (D. Me. 2005). Accordingly, if freezing assets of Yahab Foundation is the Government's goal, they are not permitted to do it through the FDCPA and, for this reason too, the Motion to Quash Garnishment should be granted.

5

**CONCLUSION**

For any and all of the foregoing reasons, the Motion to Quash the Garnishment should be granted and the funds held by ANB Bank should be ordered released back to Yahab Foundation.

Respectfully submitted this 27th day of July, 2015.

        SHERMAN & HOWARD LLC

        By: s/Richard F. Bednarski_____
            Richard F. Bednarski #31157
            90 South Cascade Avenue, Suite 1500
            Colorado Springs, CO  80903
            Phone:   719-475-2440
            Fax:       719-635-4576
            *Attorney for Defendant Michael D. Wilhite*

        SHERMAN & HOWARD LLC

        By: s/Scott J. Mikulecky_____
            Scott J. Mikulecky, #16113
            90 South Cascade Avenue, Suite 1500
            Colorado Springs, CO  80903
            Phone:   719-475-2440
            Fax:       719-635-4576
            *Attorney for Interested Party*
            *Yahab Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2015, I electronically filed the foregoing **JOINT SUPPLEMENTAL BRIEF OF DEFENDANT MICHAEL D. WILHITE AND INTERVENOR YAHAB FOUNDATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:

Juan G. Villasenor, Esq.
Elizabeth M. Froehlke, Esq.
U.S. Attorneys' Office
1225 17th Street, Suite 700
Denver, CO 80202
juan.villasenor@usdoj.com
elizabeth.froehlke@usdoj.com

                                                                                    _____
                                                                                    s/ Colette Sayka – Secretary to Scott J. Mikulecky