IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 00-cr-0504-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL D. WILHITE,

    Defendant.

## UNITED STATES' TRIAL BRIEF

The United States of America, through counsel, submits a trial brief. On January 4, 2001, Defendant Michael Wilhite pleaded guilty to wire fraud and aiding and abetting, relating to a scheme that stole over 1.7 million dollars between 1995 and 1996. Doc. 11, 13. On March 28, 2001, the Court entered a restitution judgment in the amount of $1,741,700.00. *Id*.

The principal issue for the Court at the evidentiary hearing is to determine the ownership interest that Defendant has in Advanced Floor Concepts, LLC ("Advance Floor"), which is held in the name of his wife, Darla Wilhite ("Mrs. Wilhite"), as his nominee. The United States believes that the evidence will show that Defendant has a majority interest in Advance Floor, an interest that will be sufficient to make Defendant's victim whole.

**I.     The United States is Enforcing the Order of Restitution under Federal Law.**

Because Defendant pled guilty to an offense that involved "fraud or deceit," the Mandatory Victims' Restitution Act ("MVRA") required the Court to order Defendant to make restitution to the victim of his crime. 18 U.S.C. §§ 3663A(a) and A(c)(1)(A)(ii). The United States, in turn, may enforce restitution orders in the same manner as criminal fines, or by all other available means. *Id*. §

3664(m)(1)(A).  To that end, restitution orders are "enforceable in accordance with the practices and procedures for the enforcement of a civil judgment imposing under Federal law …." *Id.* § 3613(a).

*United States v. Loftis*, 607 F.3d 173, 178, n.7 (5th Cir. 2010) (citing 18 U.S.C. § 3613(c)) (once restitution is ordered, all of the defendant's property becomes subject to a lien in favor of the United States in the same manner as tax liens).  Thus, if certain property may be levied through a writ of garnishment through a tax lien, it likewise may be levied to satisfy a restitution order. *See United States v. Hosking,* 567 F.3d 329, 335 (7th Cir. 2009).

The United States has opted to enforce the criminal order of restitution under federal law — namely, under the Federal Debt Collection Procedures Act ("FDCPA"). The FDCPA provides that "[a]ll property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution." 28 U.S.C. § 3205(a).

## II.     The Only Exemptions from Levy of Defendant's Property are those Found in the Federal Criminal Code.

Because Defendant owes restitution in a criminal case, the only applicable exemptions from levy of property belonging to Defendant are those set forth at 18 U.S.C. § 3613(a)(1). Under that provision, Defendant or an interested party may only claim the following exemptions from levy:

- 26 U.S.C. § 6334(a)(1), Wearing apparel and school books;
- 26 U.S.C. § 6334(a)(2), Fuel, provisions, furniture, and personal effects;
- 26 U.S.C. § 6334(a)(3), Books and tools of a trade, business, or profession;
- 26 U.S.C. § 6334(a)(4), Unemployment benefits;
- 26 U.S.C. § 6334(a)(5), Undelivered mail;
- 26 U.S.C. § 6334(a)(6), Certain annuity and pension payments;
- 26 U.S.C. § 6334(a)(7), Workmen's Compensation;
- 26 U.S.C. § 6334(a)(8), Judgments for support of minor children;

2

- 26 U.S.C. § 6334(a)(10), Certain service-connected disability payments; and
- 26 U.S.C. § 6334(a)(12), Assistance under Job Training Partnership Act.

Conversely, the following exemptions from levy *do not* apply in criminal cases since they are excluded from the list set forth in § 3613(a)(1):

- 26 U.S.C. § 6334(a)(9), Minimum exemption for wages, salary, and other income. However, 18 U.S.C. § 3613(a)(3) provides that "section 303 of the Consumer Credit Protection Act … shall apply to enforcement of the judgment under Federal law or State law."
- 26 U.S.C. § 6334(a)(11), Certain public assistance payments; and
- 26 U.S.C. § 6334(a)(13), Residences exempt in small deficiency cases and principal residences and certain business assets exempt in absence of certain approval or jeopardy.

Therefore, to the extent Defendant or his wife attempt to claim state-law exemptions from levy, those are inapplicable. And, of the possible applicable exemptions, Defendant has claimed none other than stating that he has no interest in Advance Floor. Doc. 38. Further, Mrs. Wilhite has not claimed any exemptions, and stated that she is the sole owner of the company. Doc. 36 at 2.

### III.   The United States is Enforcing the Judgment Lien under Nominee Theories.

The United States may enforce its judgment lien against the "'property held by a third party if it is determined that the third party is holding the property as a nominee ... of the [judgment debtor].'" *Holman v. United States*, 505 F.3d 1060, 1065 (10th Cir. 2007) (quoting *Spotts v. United States*, 429 F.3d 248, 251 (6th Cir. 2005)); *see also In re Krause*, 637 F.3d 1160, 1165 (10th Cir. 2011) ("a nominee holding a fraudulently conveyed asset may maintain an independent legal identity and lawfully hold other assets of its own. Finding that an entity is a nominee of the debtor only requires a showing that the nominee holds bare or apparent title to a particular asset that actually belongs to the debtor.").

Fundamentally, a nominee theory involves the determination of the "true beneficial ownership of property." *United States v. Dolenz*, No. 3-09-CV-1311-O-BD, 2011 WL 4351558, at *2 (N.D. Tex. June 16, 2011), *report and recommendation adopted*, 2011 WL 4348295 (Sept. 15, 2011). The Court must evaluate "whether the . . . [debtor] has engaged in a legal fiction by placing legal title to property in the hands of a third party while actually retaining some or all of the benefits of true ownership." *Holman*, 505 F.3d at 1065.

To enforce a judgment lien against a nominee of the judgment debtor, two requirements must be met. First, the debtor must have a right under state law in the asset that the creditor (the United States) seeks to execute on. *In re Krause*, 637 F.3d at 1163. Second, the judgment debtor's "state-delineated rights [must] qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation." *Id.*

The United States meets both requirements as to Advance Floor. Initially, under Colorado law, a membership interest in an LLC is the "share of the profits and losses of a limited liability company and the right to receive distributions of such company's assets." Colorado Limited Liability Company Act ("CLLCA"), Colo. Rev. Stat. § 7-80-103(10). As such, a member of an LLC is "a person with an ownership interest in a limited liability company. . . ." *Id.* § 7-80-103(9). According to the CLLCA, membership interest in a limited liability company is personal property of the member and can be assigned or transferred, even if the transferee is not admitted as a member of the Limited Liability Company. *Id.* § 7-80-702(1)-(3). Therefore, a creditor may execute on the full membership interest of a limited liability company, including all its rights, powers, and share of profits. *Id.*

As to whether a membership interest qualifies as property or rights to property under federal law, the FDCPA includes personal property as property subject to its provisions. 28 U.S.C. § 3002(12). Notably, the FDCPA contemplates a nominee situation, as it defines property as "any

4

present or future interest, whether legal *or equitable*, in real, personal . . . or mixed property, tangible or intangible, vested or contingent, wherever located and *however held* . . . ." *Id.* (emphasis added).

The critical issue in this proceeding is whether Defendant has an ownership interest in Advance Floor under Colorado law. He does under nominee theory, which can be applied through constructive trust, resulting trust, or the six-factor test outlined in *Holman*, 505 F.3d at 1065.

### 1. Defendant has an Ownership Interest under the Fraudulent Transfer/Nominee Six-Factor Test.

Nominee theory is often implicated in the context of a fraudulent transfer action under the FDCPA or state fraudulent conveyance statutes. *See* 28 U.S.C. § 3502; Colo. Rev. Stat. § 38-8-105. Such statutes focus on a clear transfer of assets from one person or entity or another. *Id.* However, the Court can also apply the same nominee theory without an actual transfer of title, such as when the property is titled to the nominee at the time of purchase. *Holman*, 505 F.3d at 1065; *see also United States v. Hopkins*, 927 F. Supp. 2d 1120, 1131 (D.N.M. 2013) (noting that the defendant "used nominees to acquire their home and adjoining real properties as a way of keeping their assets and ownership interests hidden . . . ."). *Holman* found that an actual transfer of property is not necessary to proceed under the nominee theory. 505 F.3d at 1065 ("Although in many instances the delinquent taxpayer will have transferred legal title to a third party, an actual transfer of legal title is not essential to the imposition of a nominee lien."). In that case, the tax debtor had orchestrated the purchase of real property in his nominee's name, so the property was never actually in the debtor's name. *Id.*

Similar to the property in *Holman*, the property here, Advanced Floor, has never been in his name. Instead, the company has existed on paper with Mrs. Wilhite as its apparent sole managing member since its inception. However, even without the property undergoing a transfer in title, the Court can apply the nominee factors analysis found in fraudulent conveyance cases. *Id.*

5

As discussed, a membership interest in an LLC is considered transferable personal property in Colorado, and represents the ownership interest in a company. Colo. Rev. Stat. §§ 7-80-702(1)-(3), 7-80-103. The question, then, is of Defendant's ownership interest in Advanced Floor. Although the substantial interest in property needs to be determined under Colorado law, "[t]he factors pertinent to the court's determination of whether an entity or individual holds property as the nominee of another are essentially the same under federal and state law." *United States v. Novotny*, No. 99-D-2196, 2001 WL 1673628, at *2 (D. Colo. Nov. 8 2001) (citing *U.S. v. Stonier*, No. 88-N-993, 1994 WL 395644, at *5 (D. Colo. Feb. 28, 1994)). In determining whether property is held by a nominee, a Court should consider the following factors:

> (1) whether inadequate or no consideration was paid by the nominee; (2) whether the property was placed in the nominee's name in anticipation of a lawsuit or other liability while the transferor remains in control of the property; (3) whether there is a close relationship between the nominee and the transferor; (4) whether they failed to record the conveyance; (5) whether the transferor retained possession; and (6) whether the transferor continues to enjoy the benefits of the transferred property.

*Holman* at 1065 n. 1 (citing *Spotts*, 429 F.3d at 253 n. 2). Indeed, this judicial officer has applied the *Holman* objective factors within a Colorado framework. See *United States v. Ledford*, No. 1:10-CV-01351-PAB-MEH, 2011 WL 7639794 at *7 (D. Colo. July 13, 2011), *report and recommendation adopted*, 2012 WL 1079552 (D. Colo. March 30, 2012).

"The critical issue is w*ho has substantial control* over the property." *Novotny,* 2001 WL 1673628, at *3 (emphasis added). Indeed, Colorado courts look especially at the possession and control of a nominee property to determine the debtor's interest in it. *See, e.g., In re Thomason,* 202 B.R. 768, 773 (Bankr. D. Colo. 1996). In *In re Thomason*, the court, using the very similar factors from Colorado statute, looked at the debtor's possession and control of a company to determine his ownership interest in it. The debtor had transferred his partnership interest on paper, but maintained his role,

6

and therefore control, of the company. *Id.* The court found that because many of the objective factors were met, especially relating to control of the company, the debtor's wife held his partnership interest as his nominee. *Id.* (citing Colo. Rev. Stat. § 38-8-105).

### 2. Defendant has an Ownership Interest under the Equitable Theories of Constructive and Resulting Trusts.

Nominee theory can also be analyzed under constructive trust law. *Spotts*, 429 F.3d at 252 (holding district court erred in not looking to Kentucky law on constructive trust when faced with question of nominee). Colorado recognizes the equitable remedies of constructive and resulting trusts. *People v. 21020 Colorado Highway 74, Jefferson Cnty.*, 791 P.2d 1189, 1190 (Colo. App. 1989) (constructive trusts); *McPherrin v. Fair*, 57 Colo. 333, 338, 141 P. 472, 474 (1914) (resulting trusts).

"A constructive trust is an equitable remedy used to set aside a property transfer when property has been acquired under circumstances involving fraud, duress, or abuse of a confidential relationship. . . . A constructive trust may also be imposed under circumstances in which, although the property was acquired originally without fraud, "it is against equity that it should be retained by him who holds it." *21020 Colorado Highway*, 791 P.2d at 1190 (internal citations omitted). In other words, "a constructive trust only arises in the presence of fraud, duress, abuse of confidence, or some other form of questionable or unconscionable conduct by which the trustee obtained property." *Timothy C. Wirt, M.D., P.C. v. Prout*, 754 P.2d 429, 430 (Colo. App. 1988) (citing *Page*, 592 P.2d 792). "When property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." *Lyons v. Jefferson Bank & Trust*, 781 F. Supp. 1525, 1530 (D. Colo. 1992) (quoting *Page*, 592 P.2d at 798).

The constructive trust doctrine is extremely flexible. *Mansuco v. United Bank of Pueblo*, 818 P.2d 732, 737 (Colo. 1991). It should be applied in circumstances where a debtor's assets are held or transferred in a manner that makes him judgment-proof or hinders creditors in the face of a suit or threat of a suit. *Yetter Well Service, Inc. v. Cimarron Oil Co., Inc.*, 841 P.2d 1068, 1071 (Colo.App.

1992)(constructive trust found where debtor's transactions intended to delay or hinder creditors). Where the holder of the property doesn't know of the debtor's debt, and where the property transactions are "open and aboveboard and all of record; and no intimation that any facts . . . were concealed by [the parties] at any time[ ]", then the holder may avoid a finding of constructive trust. *Woodruff v. Clarke*, 262 P.2d 737, 739 (Colo. 1953)(*en banc*).

Unlike constructive trusts, fraud is not an element of a resulting trust. Instead, a resulting trust is an equitable means of giving effect to the intent of the parties involved. *In re Marriage of Heinzman*, 596 P.2d 61, 63 (1979)(citing discussion in *Page*, 592 P.2d 792).

The United States will be able to establish that Defendant has an equitable majority interest in Advance Floor through every theory.

**IV.   Conclusion.**

The Court should conclude that Defendant owns a majority interest in Advance Floor. With that majority interest in Defendant's name, as it always should have been, the United States will be able to satisfy the $1.7 million restitution debt and make his victim whole. The United States also requests that the Court apply a 10 percent surcharge on the outstanding amount of Defendant's restitution debt, which the United States is entitled to recover in this execution proceeding "to cover the cost of processing and handling the litigation and enforcement under" the FDCPA. 28 U.S.C. § 3013(a).

                              Respectfully submitted,

                              JOHN F. WALSH
                              United States Attorney

                              <u>s/Juan G. Villaseñor</u>
                              JUAN G. VILLASEÑOR
                              Assistant United States Attorney
                              United States Attorney's Office
                              1225 Seventeenth Street, Suite 700
                              Denver, Colorado 80202
                              Telephone: (303) 454-0185
                              E-mail: juan.villasenor@usdoj.gov

## **CERTIFICATE OF SERVICE (CM/ECF)**

        I hereby certify that on September 11, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

rbednarski@shermanhoward.com
Smikulec@sah.com
Elizabeth.froehlke@usdoj.gov

and I hereby certify that on the same date as above, I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand- delivery, etc.) indicated above the nonparticipant's name:

None.

                              <u>s/Juan G. Villaseñor</u>
                              United States Attorney's Office