| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 1▮▮▮0304 | Darla Dee Wilhite | ▮▮▮303 | 09/04/12 | LM |
| NOTE AMOUNT | INDEX (w/Margin) | RATE | MATURITY DATE | LOAN PURPOSE |
| $702,859.48 | Not Applicable | 3.750% | 09/04/20 | Consumer |

Creditor Use Only

## PROMISSORY NOTE AND TRUTH-IN-LENDING DISCLOSURES
(Consumer - Closed End)

**DATE AND PARTIES.** The date of this Promissory Note and Truth-In-Lending Disclosures (Note) is September 4, 2012. The parties and their addresses are:

**LENDER:**
ANB BANK
102 North Cascade Avenue
P.O. Box 9260
Colorado Springs, CO 80932
Telephone: (719) 473-0111

**BORROWER:**
DARLA DEE WILHITE
11501 County Road 328
Westcliffe, CO 81252

1. **DEFINITIONS.** As used in this Note, the terms have the following meanings:
   A. **Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together. "You" and "Your" refer to the Lender.
   B. **Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.
   C. **Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.
   D. **Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.
   E. **Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.
   F. **Percent.** Rates and rate change limitations are expressed as annualized percentages.
   G. **Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.

2. **FEDERAL TRUTH-IN-LENDING DISCLOSURES.**

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me. | AMOUNT FINANCED<br>The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid when I have made all scheduled payments. |
|---|---|---|---|
| 3.910% | $201,328.28 | $695,825.89 | $897,154.17 |

**INTEREST RATE AND PAYMENT SUMMARY**

|  | Rate & Monthly Payment |
|---|---|
| Interest Rate | 3.750% |
| Principal + Interest Payment | $3,255.80 |
| Estimated Taxes + Insurance | $0.00 |
| Total Estimated Monthly Payment | $3,255.80 |

**Final Balloon Payment** due September 4, 2020 $587,853.17.
**No Guarantee to Refinance.** There is no guarantee that you will be able to refinance to lower your rate and payments.
**Security.** I am giving a security interest in:
1 - 4 Family Dwelling
**Filing Fees.** Recording Fee - Mortgage: $36.00.
**Late Charge.** If a payment is more than 15 days late, I will be charged 5.000 percent of the Unpaid Portion of Payment or $50.00, whichever is less.
**Prepayment.** If I pay off early, I will not have to pay a minimum finance charge.
**Assumption.** Someone buying the Property securing the obligation cannot assume the remainder of the obligation on the original terms.
**Contract Documents.** I will see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

3. **REFINANCING.** This Note will pay off the following described note(s):

Darla Dee Wilhite
Colorado Promissory Note and Truth-In-Lending Disclosures
CO/4XXXXV▮▮▮▮▮▮▮▮▮▮▮▮012N
Wolters Kluwer Financial Services ©1996, 2012 Bankers Systems™
Initials ▮▮
Page 1

GOVERNMENT EXHIBIT
5
00-CR-504

BNKS00000026
BNKS00000026

| Note Date | Note Number | Note Amount |
|---|---|---|
| September 14, 2007 | # ▓▓▓▓303 | $985,000.00 |

The remaining balance of the note listed in the table above is $695,465.89

**4. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of **$702,859.48 (Principal)** plus interest from September 4, 2012 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

**5. INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of **3.750 percent (Interest Rate)**.

  **A. Post-Maturity Interest.** After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate in effect from time to time, until paid in full.

  **B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by state or federal law, whichever is greater. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

  **C. Statutory Authority.** The amount assessed or collected on this Note is authorized by the Colorado Uniform Consumer Credit Code (Colo. Rev. Stat. title 5, arts. 1-9).

  **D. Accrual.** Interest accrues using an Actual/365 days counting method.

**6. ADDITIONAL CHARGES.** As additional consideration, I agree to pay, or have paid, these additional fees and charges.

  **A. Nonrefundable Fees and Charges.** The following fees are earned when collected and will not be refunded if I prepay this Note before the scheduled maturity date.
    Recording - Mortgage. A(n) Recording - Mortgage fee of $36.00 payable from the loan proceeds.
    Loan Origination. A(n) Loan Origination fee of $7,028.59 payable from the loan proceeds.
    Lender's Title Insurance. A(n) Lender's Title Insurance fee of $317.00 payable from the loan proceeds.
    Flood Certification. A(n) Flood Certification fee of $7.00 payable from the loan proceeds.
    Flood Certificate LOL. A(n) Flood Certificate LOL fee of $5.00 payable from the loan proceeds.

**7. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

  **A. Late Charge.** If a payment is more than **15 days** late, I will be charged **5.000 percent** of the Unpaid Portion of Payment or **$50.00**, whichever is less. I will pay this late charge promptly but only once for each late payment.

**8. PAYMENT.** I agree to pay this Note in **96 payments**. This Note is amortized over **360 payments**. I will make **95 payments** of **$3,255.80** beginning on October 4, 2012, and on the 4th day of each month thereafter. A single "balloon payment" of the entire unpaid balance of Principal and interest will be due September 4, 2020. You will deliver or mail to me notice prior to maturity that the balloon payment is due. This notice will state the balloon payment amount and the date that it is due.

Payments will be rounded to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Note will be applied first to interest that is due then to any charges that I owe other than principal and interest, and finally to principal that is due. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**9. PREPAYMENT.** I may prepay this Note in full, or in part if the payment is not less than $5.00, at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**10. LOAN PURPOSE.** The purpose of this Loan is to refinance loan #1236030303.

**11. ADDITIONAL TERMS.**
IMPROVED REAL ESTATE: If this note is secured by improved real property, and should the real property at any time become located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**12. SECURITY.** The Loan is secured by separate security instruments prepared together with this Note as follows:

| Document Name | Parties to Document |
|---|---|
| Deed Of Trust - 11501 County Road 328, Westcliffe, CO 81252 | Darla Dee Wilhite |

**13. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

  **A. Payments.** I fail to make a payment in full when due.

  **B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

  **C. Death or Incompetency.** I die or am declared legally incompetent.

  **D. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

  **E. Other Documents.** A default occurs under the terms of any other Loan Document.

  **F. Other Agreements.** I am in default on any other debt or agreement I have with you.

  **G. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

Initials ▓▓▓

Darla Dee Wilhite
Colorado Promissory Note and Truth-In-Lending Disclosures
CO/4XXXXVe▓▓▓▓▓▓▓▓▓▓▓▓▓012N   Wolters Kluwer Financial Services ©1996, 2012 Bankers Systems™   Page 2

**H. Judgment.** I fail to satisfy or appeal any judgment against me.

**I. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**J. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**K. Property Transfer.** I transfer all or a substantial part of my money or property.

**L. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

**M. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Note or that the prospect for payment or performance of the Loan is impaired for any reason.

**14. DUE ON SALE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

**15. WAIVERS AND CONSENT.** To the extent not prohibited by law and except for a required notice of right to cure for the failure to make a required payment, if any, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

  (1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

  (2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

  (3) You may release, substitute or impair any Property securing this Note.

  (4) You, or any institution participating in this Note, may invoke your right of set-off.

  (5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

  (6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**16. REMEDIES.** After I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due. This remedy is subject to my limited right to cure certain defaults and to receive notice of such a right under Colo. Rev. Stat. §§ 5-5-110, 111.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be due and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate, after providing me with the required notice and a reasonable opportunity to perform.

**E. Attachment.** You may attach or garnish my wages or earnings after entry of judgment on the Loan.

**F. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**G. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**17. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. Expenses include, but are not limited to, reasonable attorneys' fees not in excess of 15 percent of the unpaid debt after default and referral to an attorney who is not your salaried employee or such additional fee as may be awarded by the court. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**18. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**19. WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Note. The execution and delivery of this Note will not violate any agreement governing me or to which I am a party.

**20. INSURANCE.** I agree to obtain the insurance described in this Loan Agreement.

**A. Property Insurance.** I will insure or retain insurance coverage on the Property and abide by the insurance requirements of any security instrument securing the Loan.

BNKS00000028
BNKS00000028

**B. Insurance Warranties.** I agree to purchase any insurance coverages that are required, in the amounts you require, as described in this or any other documents I sign for the Loan. I will provide you with continuing proof of coverage. I will buy or provide insurance from a firm licensed to do business in the State where the Property is located. I may provide the required insurance through an existing policy of insurance that I own or control, or through a policy that I buy. If I buy or provide the insurance from someone other than you, the firm will be reasonably acceptable to you. I will have the insurance company name you as loss payee on any insurance policy. You will apply the insurance proceeds toward what I owe you on the outstanding balance. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will keep the insurance until all debts secured by this agreement are paid. If I want to buy the insurance from you, I have signed a separate statement agreeing to this purchase.

**21. APPLICABLE LAW.** This Note is governed by the laws of Colorado, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law.

**A. Uniform Consumer Credit Code Applies.** I agree that this Loan is subject to Sections 5-1-101 through 5-9-102.5 of the Colorado Uniform Consumer Credit Code, as amended (including Section 5-2-201).

**22. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**23. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or limitations of Sections 19(a), 32 or 35 of Regulation Z or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**24. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**25. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**26. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**27. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**28. SIGNATURES.** By signing, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

BORROWER:

Darla Dee Wilhite
Individually

LENDER:

ANB Bank
By 
Lisa Mills, Vice President-NMLS ID #504250

Darla Dee Wilhite
Colorado Promissory Note and Truth-in-Lending Disclosures
CO/4XXXXVco████████████012N     Wolters Kluwer Financial Services ©1996, 2012 Bankers Systems™     Initials ___  Page 4

BNKS00000029
BNKS00000029

Print                                                                                      Page 1 of 1

(51) HOME EQUITY ████ 304                ANB BANK                    3/20/2014 9:12:54 AM
Printed by: LISA MILLS 01                                            Reporting Institution: 1

**Note ██████ 304 - DARLA DEE WILHITE**

|  | Relationship | Date of Birth | Phone Number | Tax Identification |
|---|---|---|---|---|
| DARLA DEE WILHITE | Owner/Signer | *** ** **** | ********** | SSN ***-**-**** |

11501 COUNTY ROAD 328
WESTCLIFFE CO 81252

Additional Relationships
Tax Name: DARLA DEE WILHITE

**Loan To Date**

| Date | Description | Transaction Amount | Principal | Interest | Principal Balance |
|---|---|---|---|---|---|
| Sep 04, 2012 | Original Rate | Interest Rate: | 3.7500% | | |
| Sep 04, 2012 | NEW NOTE ADVANCE | $702,859.48 | $702,859.48 | | $702,859.48 |
| Oct 04, 2012 | PAYMENT FROM CLASSIC 50 ACCOUNT ████4386 | $3,255.80 | $1,089.46 | $2,166.34 | $701,770.02 |
| Nov 05, 2012 | PAYMENT FROM CLASSIC 50 ACCOUNT ████4386 | $3,255.80 | $948.62 | $2,307.18 | $700,821.40 |
| Dec 04, 2012 | PAYMENT FROM CLASSIC 50 ACCOUNT ████4386 | $3,255.80 | $1,167.74 | $2,088.06 | $699,653.66 |
| Jan 04, 2013 | PAYMENT FROM CLASSIC 50 ACCOUNT ████4386 | $3,255.80 | $1,027.46 | $2,228.34 | $698,626.20 |
| Feb 04, 2013 | PAYMENT FROM CLASSIC 50 ACCOUNT ████4386 | $3,255.80 | $1,030.73 | $2,225.07 | $697,595.47 |
| Mar 04, 2013 | PAYMENT FROM CLASSIC 50 ACCOUNT ████4386 | $3,255.80 | $1,249.02 | $2,006.78 | $696,346.45 |
| Apr 04, 2013 | PAYMENT FROM CLASSIC 50 ACCOUNT ████4386 | $3,255.80 | $1,037.99 | $2,217.81 | $695,308.46 |
| May 06, 2013 | PAYMENT FROM CLASSIC 50 ACCOUNT ████4386 | $3,255.80 | $969.86 | $2,285.94 | $694,338.60 |
| Jun 04, 2013 | PAYMENT FROM CLASSIC 50 ACCOUNT ████34386 | $3,255.80 | $1,187.06 | $2,068.74 | $693,151.54 |
| Jul 01, 2013 | PAYOFF | $695,074.32 | $693,151.54 | $1,922.78 | $0.00 |

BNKS00000025
BNKS00000025