**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 00-cr-0504-CMA-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL D. WILHITE,

      Defendant.

---

**UNITED STATES' RESPONSE TO MOTION FOR STAY OF EXECUTION**

---

The United States responds in opposition to the motion for stay of execution filed by Defendant Michael D. Wilhite and Interested Party Darla Dee Wilhite. Doc. 161.

**I.    INTRODUCTION.**

In their motion, the Wilhites seek to further delay enforcement of Mr. Wilhite's large criminal restitution debt by requesting a "stay of execution" of a non-existent judgment. The purpose of this "stay" is, essentially, to enjoin the government from seeking a receiver and a decree of sale of Advance Floor Concepts, LLC ("AFC"). Ironically, it is those two things that would bring finality to this proceeding and would permit the Wilhites to request the stay they now prematurely seek.

The motion should be denied as (1) premature because there is no final judgment from the writ-of-execution proceeding, and, in the alternative, as (2) without merit.

Styling their motion under Fed. R. Civ. P. 62(b)(3), the Wilhites seek a stay of the Court's October 13, 2017, Order (Doc. 159), presuming that the Order is a final, appealable order. Doc. 161 at 1. Proceeding from that flawed assumption, they say that

they've filed a motion for reconsideration (Doc. 160) under Fed. R. Civ. P. 59(e), which enables them to seek a stay of execution under Rule 62(b)(3). Doc. 161 at 2.

Substantively, they think a stay is appropriate because the government "has the ability to levy on Mr. Wilhite's interest" in AFC, and if the government effects its execution and pays the victim the restitution Mr. Wilhite owes it, "it will be extremely difficult to get the money returned from the Bank of Australia." *Id.* And to the extent the government seeks to appoint a receiver to manage and control AFC, that will supposedly "damage Mrs. Wilhite, who holds the remaining [minority] interest in AFC…." *Id.* at 3.

The Wilhites add that a stay is also appropriate because Mr. Wilhite has requested an accounting of his payments to satisfy his restitution debt and because, in their view, the proceeding presents "novel legal issues." *Id.* Lastly, the Wilhites claim that the injunction the Court has issued against them provides sufficient security to the government, meaning (presumably) that the Court should not make them post a supersedeas bond for the full amount of the restitution owed. *Id.* at 4.

## II.     THE MOTION SHOULD BE DENIED.

None of the Wilhite's arguments has any merit. The Wilhites' motion presents procedural and substantive problems and the Court should deny it.

Procedurally, the motion is defective because there isn't a final appealable order (or judgment) to stay. Note that by its terms, Rule 62(b) requires that there be a *judgment* to be stayed. Fed. R. Civ. P. 62(b) ("On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of" certain motions).

But here, all we have is an order stating that Mr. Wilhite has an equitable ownership interest in AFC (Doc. 121) and an order that his interest in AFC is 73.9%. Doc. 159. Neither order, however, resolves *all* outstanding claims or the rights or liabilities of all the parties in this proceeding. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties"). The post-judgment proceeding here consists of a writ of execution to levy and sell all property in which Mr. Wilhite has a substantial nonexempt interest, that property being AFC. Doc. 31 at 1-2.

The orders noted above (Docs. 121 and 159) haven't accomplished what the government originally sought to do: sell AFC to satisfy Mr. Wilhite's restitution debt. The manner in which the government will accomplish that is by seeking the appointment of a receiver, who will manage AFC and sell it. *See* 26 U.S.C. §§ 7402(a) and 7403(c). And for that reason, the Court's orders aren't final, don't end the post-judgment execution proceeding, and can't be appealed.

*United States v. Antiques Ltd. P'ship*, 760 F.3d 668 (7th Cir. 2014), proves the point. There, the Seventh Circuit held that the district court's order appointing a receiver to manage and sell property by the delinquent taxpayers was a final appealable order. As the court explained, the order appointing the receiver concluded the collection proceeding at issue and was appealable:

> The purported judgment terminating the case in June 2012 had not been a final judgment, because an issue in that proceeding—the appointment of a receiver, a critical component of the relief sought by the government—had remained pending. But once the appointment was made, all the issues presented in the litigation had finally been resolved, and the fact that

collection problems might require further proceedings in the district court did not detract from the finality and therefore appealability of the judgment.

*Id.* at 671.

The same logic applies here. Because the Court hasn't ordered the sale of AFC or appointed a receiver (though the government is close to seeking both things[1]), there isn't a final appealable order (or judgment) and, thus, no judgment to stay. As such, the Wilhites' motion to stay is premature and should be denied.

Even if the Court reached the substance of the motion, it should be denied anyway. As to the Wilhites' argument that a stay is necessary to prevent prejudice by the appointment of a receiver and the forced sale of AFC, the argument is, again, premature. Whether AFC may be sold under 26 U.S.C. § 7403(c)[2] depends on multiple factors set forth by the Supreme Court in *United States v. Rodgers*, 461 U.S. 677, 710-11 (1983). The factors include consideration of prejudice to non-liable parties like Mrs. Wilhite and prejudice to the government if the Court doesn't approve the sale, among others. Adjudication of this issue, through the present motion, is unnecessary. When the government files its motion for a decree of sale, the Wilhites will have the opportunity to respond to the issues they now raise.

---

[1] The government conferred with the Wilhites' regarding other options for payment of the restitution, but the Wilhites were not receptive to any options at this time.

[2] As the Court correctly noted in its recent Order: "Under the Mandatory Victims' Restitution Act (MVRA), 18 U.S.C. §§ 3663A(a) and A(c)(1)(A)(ii), this Court's restitution order created a lien in favor of the United States 'on all property or rights to property' belonging to Mr. Wilhite. The Government may enforce that lien 'as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986.'" 18 U.S.C. § 3613(c); *see also id.* § 3613(f)." Doc. 159 at 14 n.9. The provision cited in the body is part of the federal tax-lien statute.

Further, on the argument for granting the stay due to the accounting Mr. Wilhite has requested, the government already has provided the accounting regarding his restitution debt. Doc. 163.

And the Wilhites failed to provide any legal authority for their argument that a stay of execution would be warranted because this proceeding presents "novel legal issues." This proceeding is not novel or unique. Many reported and unreported decisions enforcing criminal restitution debts through the federal tax-lien statute, or enforcing tax debts through the same statute, exist in the *Federal Supplement* and the *Federal Reporter*. The government has cited many such decisions in its prior briefs.

Lastly, the Court's prior injunction by itself is insufficient security to protect the government's interests. While it is correct that the government hasn't raised violations of the injunction *to the Court* since December 2016, it has raised such issues to the Wilhites' counsel multiple times. Counsel for the Wilhites have directed that the issues be fixed.

To demonstrate how the injunction is insufficient security, the government recently discovered another potential injunction violation. In relevant part, the injunction prohibits the Wilhites from "directly or indirectly … *encumbering* … AFC assets or property *in any form*…." Doc. 135 at 4 (emphasis added). Despite that the Court concluded that the Wilhites violated the injunction by paying off, with AFC assets, "loans that represent Mr. or Mrs. Wilhite's personal debt or loans that are comingled with their personal debt," *id.* at 3, the Wilhites (or someone acting at their direction) have encumbered AFC with the very loan at issue in that prior Order.[3]

---

[3] At that time, the Wilhites were transferring $26,500 per month to pay ANB Bank for an outstanding personal loan. Doc. 135 at 2. The undersigned will bring this issue to Mrs. Wilhite's counsel's attention.

Review of AFC's balance sheets for December 2016, January 2017, and later months demonstrate the violation. In the December 2016 balance sheet, a line item called "Long Term Liabilities, Loan - American Nat'l Bank" had a balance of $30.63. Ex. 1 at 3. This line item represents Mrs. Wilhite's personal loan that she was paying with AFC assets. Yet, in January 2017, a month after the Court strengthened its injunction, that line item grew to $429,311.66. Ex. 2 at 3. That happens to match the amount that Mrs. Wilhite owed at that time for her personal loan from ANB. Ex. 3. The balance for the line item then goes down as Mrs. Wilhite pays it off with her salary. *See* Exs. 4 at 3 (Feb. 2017 balance sheet with $391,429.98 balance) and 5 at 3 (Sept. 2017 balance sheet with $257,589.99 balance). From this snapshot, it is apparent that the Wilhites continue to circumvent the Court's injunction, thus demonstrating the inadequacy of the "security" that the injunction provides.

But the Wilhites' repeated violations of the injunction miss the mark of whether the injunction is adequate security. With the appointment of a receiver, who will have power to manage, operate, and sell AFC, the Court's injunction will have to be either modified or dissolved to permit the receiver to do his job. And thus, there will be no "security" to protect the government's interest, except for the receiver or the posting of a supersedeas bond for the full restitution amount.

In sum, for the reasons set forth above, the motion for a stay of execution should be denied. The motion is either premature or without merit.

Respectfully submitted,

ROBERT C. TROYER
Acting United States Attorney


s/Juan G. Villaseñor
JUAN G. VILLASEÑOR
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0185
E-mail: juan.villasenor@usdoj.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on October 26, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

rbednarski@shermanhoward.com
Smikulec@sah.com

and I hereby certify that on the same date as above, I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated above the nonparticipant's name:

None.


s/Juan G. Villaseñor
United States Attorney's Office