IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 00-cr-00504-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL DAVID WILHITE,

Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING AS MOOT DEFENDANT'S MOTION TO STAY**

This matter is before the Court on Defendant Michael David Wilhite's Motion to Reconsider (Doc. # 160), wherein he requests that this Court reconsider its October 13, 2017, Order addressing Mr. Wilhite's ownership interest in AFC and the assets of the Yahab Foundation and permitting garnishment of that interest. (Doc. # 159.) For the following reasons, the Court denies the motion. This denial renders moot the Mr. Wilhite's Motion to Stay (Doc. # 161).

## I. LAW

Whether to grant a motion for reconsideration is committed to the Court's sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988); *see United States v. Johnson*, 12 F.3d 1540, 1544 (10th Cir.1993) (a court should generally adhere to its own prior rulings, but this rule guides the court's discretion; it does not limit its power). "Relief under Rule 59(e) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear

1

error or prevent manifest injustice." *Figueroa v. American Bankers Ins. Co. of Florida*, 517 F.Supp.2d 1266, 1270 (D. Colo. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *See Whittington v. Taco Bell of Am., Inc.*, No. 10-CV-01884-KMT-MEH, 2012 WL 3705046, at *2 (D. Colo. Aug. 27, 2012).

## II. ANALYSIS

Mr. Wilhite requests that the Court reconsider its order for three primary reasons. The Court addresses each reason in turn.

### A. NEWLY AVAILABLE EVIDENCE

First, Mr. Wilhite argues that "newly available evidence" in the form of Mr. Wilhite's tax returns demonstrate that, contrary to this Court's conclusion otherwise, Mr. Wilhite was not intending to defraud his creditors in anticipation of a lawsuit or other liability under Colorado Revised Statute § 38-8-105(2)(d), (j) and *Holman v. United States*, 505 F.3d 1060, 1065 n.1. (10th Cir. 2007). (Doc. # 160 at 2.) The Court concludes that reconsideration on this basis is unwarranted.

Mr. Wilhite's tax returns do not constitute "new evidence previously unavailable" to him. *Figueroa*, 517 F.Supp.2d at 1270. To the contrary, Mr. Wilhite's present motion cites to his own hearing exhibits when discussing this "new" evidence — a hearing that occurred two years ago. Indeed, it can hardly be argued that Mr. Wilhite's own tax returns were ever unavailable to him.

Further, the parties have extensively argued and briefed the application of the CUFTA and *Holman* factors to this case, and due consideration has been given the

Wilhite's argument that he did not intend to defraud his creditors in anticipation of a lawsuit or other liability. That Mr. Wilhite did not present his tax returns in support of his argument in the first instance does not entitle him to a second chance through a motion to reconsider. *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999). Indeed, a motion to reconsider may not be used as a vehicle for a losing party merely to rehash arguments previously considered and rejected. *Id.*

### B. <u>STATUTE OF LIMITATIONS UNDER THE COLORADO UNIFORM FRAUDULENT TRANSFER ACT (CUFTA) AND THE FEDERAL DEBT COLLECTION PROCEDURES ACT (FDCPA)</u>

Second, Mr. Wilhite argues that "this Court's finding that Mr. Wilhite fraudulently transferred his interest in AFC to defraud his present and future creditors is barred by the four-year statute of limitations under CUFTA, or alternatively, is barred by the six-year statute of limitations under the FDCPA." Mr. Wilhite argues that the Court, although it was never previously alerted to any statute-of-limitations concerns[1], clearly erred in not addressing these limitations periods and should reconsider its order to prevent manifest injustice. The Court disagrees.

To begin, the statute of limitations provision in CUFTA does not apply here. "When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon

---

[1] It is entirely unclear to this Court why Mr. Wilhite waited until this late stage in the proceedings to raise his statute-of-limitations argument. Under Federal Rule of Civil Procedure 8(c), a defense is waivable if it is an affirmative defense. Rule 8(c) expressly includes "statute of limitations" as an affirmative defense. Indeed, the Tenth Circuit has deemed the statute-of-limitations defense waivable as an affirmative defense in various circumstances. *E.g.*, *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1303 (10th Cir. 2003). Nonetheless, the Tenth Circuit has also recognized that some statute-of-limitations periods may be considered "conditions precedent to suit" and not, therefore, waivable affirmative defenses. *Id.* Because Mr. Wilhite loses on the merits of his claims, the Court need not address this issue.

3

enforcement." *United States v. Summerlin*, 310 U.S. 414, 417 (1940); *United States v. Holmes*, 727 F.3d 1230, 1235 (10th Cir. 2013). As this Court has already concluded, the Government is enforcing Mr. Wilhite's restitution obligation, which was imposed under the Mandatory Victim's Restitution Act (MVRA) and created a lien in favor of the Government "on all property or rights to property" belonging to Mr. Wilhite. 18 U.S.C. 3613(a). The Government may enforce that lien "as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986," 18 U.S.C. § 3613(c), (f). The restitution order may be also enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law," 18 U.S.C. § 3613(a), and "by all other available and reasonable means," 18 U.S.C. § 3664(m)(1)(A)(ii). Indeed, the United States is enforcing Mr. Wilhite's order of restitution under the FDCPA and the tax lien statute. Thus, the Government's action here is "in every real sense a proceeding in court to collect a tax," and the Government is "acting in its sovereign capacity in an effort to enforce rights ultimately grounded on federal law," *United States v. Holmes*, 727 F.3d 1230, 1235 (10th Cir. 2013). Therefore, the Government's claim is not subject to the state statute-of-limitation provision in the CUFTA. *Summerlin*, 310 U.S. at 414.

Next, the six-year statute of limitations provision in the FDCPA, 28 U.S.C. § 3306(b), is also not applicable. Section 3003(b) of the FDCPA's Rules of Construction provides, "This chapter shall not be construed to curtail or limit the right of the United States under any Federal law or any State law (1) to collect taxes or to collect any other amount collectible in the same manner as a tax; [or] (2) to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case." Applying the six-year limitations period in 28 U.S.C. 3306(b) to this case could clearly "curtail or limit" the

4

Government's right to enforce Mr. Wilhite's criminal restitution obligation — an obligation that was imposed in 2001 and that continues for twenty years thereafter. *See* 18 U.S.C. 3613(c). Indeed, the MVRA "broadly permits the United States, "[n]otwithstanding any other Federal law," to enforce a [restitution] order "against all property or rights to property of the person fined" for "20 years after the release from imprisonment of the person ordered to pay restitution." 18 U.S.C. § 3613(a), (c).

For the same reasons, the Court likewise rejects Mr. Wilhite's argument that Colorado law requiring the issuance of a charging order before levying interest in an LLC limits the Government's ability to collect Mr. Wilhite's restitution here.

### C. **FUNDS TRANSFERRED TO YAHAB**

Last, Mr. Wilhite contends that, under Colorado law, a member of an LLC has no interest in the LLC's assets, and thus Mr. Wilhite has no interest in the $200,000 in assets that AFC transferred to the Yahab. Mr. Wilhite adds that a failure to reconsider this Court's conclusion regarding his interest in those funds would create manifest injustice. Again, the Court declines to reconsider its conclusion on this issue.

The Court agrees with the Government that the $200,000 transfer was, in substance, a distribution of AFC's profits. *See Rocky Mountain Gold Mines v. Gold, Silver, & Tungsten*, 93 P.2d 973, 982 (Colo. 1939) ("Equity . . . has to do with the substance and reality of a transaction—not the form and appearance which it may be made to assume . . . ."). Because this Court has found that Mr. Wilhite has a membership interest in AFC, any distribution of AFC's assets, including this $200,000 transfer of cash is subject to garnishment by the Government.

Permitting the Government to garnish funds rightfully owed to it, but fraudulently concealed by the Wilhites, would not be manifestly unjust.

### III. CONCLUSION

For the foregoing reasons, Mr. Wilhite's Motion for Reconsideration is DENIED. (Doc. # 160.)   IT IS

FURTHER ORDERED that Mr. Wilhite's Motion to Stay, wherein he requests a stay pending the resolution of his Motion for Reconsideration is DENIED AS MOOT. (Doc. # 161.)

DATED:  November 17, 2017         BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge