IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 00-cr-00504-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL DAVID WILHITE,

    Defendant.

## ORDER DENYING MR. WILHITE'S REQUEST FOR A STAY

    This matter is before the Court on the Defendant Michael Wilhite's Motion for Stay of Execution of Judgment (Doc. # 183), wherein he requests that this case be stayed pending the resolution of his appeal from this Court's (1) Order resolving Mr. Wilhite's ownership interest in Advanced Floor Concepts (AFC) and in the assets of the Yahab Foundation (Yahab) (Doc. # 159) and (2) Order denying Mr. Wilhite's Motion to Reconsider (Doc. # 174). (Ownership Orders). The Court denies Mr. Wilhite's request.

    Although different rules of procedure govern district courts' authority to stay an order pending appeal, *see* Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a), the factors regulating the issuance of a stay are "generally the same," *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The "traditional" standard, according to the Supreme Court, requires that a reviewing court consider

> (1) whether the stay applicant has made a strong showing
> that he is likely to succeed on the merits; (2) whether the
> applicant will be irreparably injured absent a stay; (3)
> whether issuance of the stay will substantially injure the

> other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton*, 481 U.S. at 776). All four factors weigh against granting a stay in this case.

With respect to the first factor, "It is not enough that the chance of success on the merits be 'better than negligible'" or that success be a "mere possibility." *Nken*, 556 U.S. at 434. Nothing in Mr. Wilhite's instant briefing convinces this Court that he has anything more than a negligible chance of success on appeal. His arguments are conclusory at best—reasoning merely that the novelty of the issues render his chance of prevailing "reasonable." But, a "reasonable" chance of success is not the governing standard, and that the issues are novel does not mean that Mr. Wilhite's appellate position on those issues is strong. Indeed, the Court's resolution of Mr. Wilhite's ownership in AFC was based on numerous factual findings stemming from several days of evidentiary hearings and applied to established legal concepts.

Moving to the second factor, to constitute irreparable harm, an injury must be certain, great, actual "and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Mr. Wilhite fails to meet this standard. He simply states that a possible reversal of this Court's Ownership Orders would result in a "logistical nightmare" in reestablishing ownership and control of AFC. Mr. Wilhite makes no attempt to describe what, specifically, would comprise this "nightmare." He instead presents little more than speculation based on case law that is not binding on this Court. "Simply showing some possibility of irreparable injury, fails to satisfy the second factor." *Nken*, 556 U.S. at 434–35. (internal citation omitted).

Mr. Wilhite's third burden is to show that no substantial harm will come to the Government if the stay is granted. *Battle v. Anderson*, 564 F.2d 388, 398 (10th Cir. 1977). Mr. Wilhite has not met this burden. His argues only that a stay will promote the status quo by allowing AFC to continue to profit and thereby not harm the Government. The Court disagrees. The status quo entails Mr. Wilhite skirting his obligations to the victim of his criminal behavior, which he has been doing for nearly two decades. Delaying his restitution payments any longer would most certainly harm the Government.

Finally, with respect to the fourth factor—the interest of the public—Mr. Wilhite's contentions fall short. He argues that AFC's employees and customers would be best served by interacting with Mr. and Mrs. Wilhite, i.e. "stable management." While this may be true, the public extends beyond AFC's inner circle, Mr. Wilhite's myopic viewpoint, and AFC's pecuniary gain. This Court has no trouble concluding that the public is better served by holding Mr. Wilhite to his restitution obligations, which stem from years of fraud upon the United States. This factor weighs against granting a stay.

In sum, Mr. Wilhite has not met his burden to support a stay pending appeal and his motion requesting a stay (Doc. # 183) is DENIED.

To the extent Mr. Wilhite wishes to stay any collection efforts by the Government, he may post a supersedeas bond for the entire amount of his outstanding restitution debt, which is $1,714,708.79. *See* Rule 62(d) (permitting a stay with the filing of a supersedeas bond).

DATED: January 9, 2018

BY THE COURT:

Christine M Arguello

CHRISTINE M. ARGUELLO
United States District Judge